UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS F. BALL II,

        Petitioner,

                                              Case No. 21-cv-0637-bhl

    v.

DAN WINKLESKI,

        Respondent.

## ORDER DENYING MOTION TO APPEAL IN FORMA PAUPERIS

        On May 21, 2021, Petitioner Thomas F. Ball II filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. (ECF No. 1.) He paid the $5.00 filing fee about a week later. On May 19, 2022, the Court issued an Order, concluding that Ball's petition was barred because it alleged grounds for relief that (1) the Wisconsin state courts had rejected on independent and adequate state law grounds and (2) challenged non-custodial aspects of his sentence. (ECF No. 15.) On July 18, 2022, Ball docketed notice of his appeal. (ECF No. 17.) A month later, he filed a motion for leave to appeal without prepayment of the filing fee, accompanied by his prisoner trust fund account statement. (ECF Nos. 21 & 22.)

        Although Ball paid the $5.00 filing fee to initiate his case before this Court, the appellate fee is substantially higher, and the Prison Litigation Reform Act (PLRA) permits him to show that he lacks funds to pay that fee upfront and proceed *in forma pauperis* (IFP). *See Robertson v. French*, 949 F.3d 347, 348-49 (7th Cir. 2020). But Ball's prisoner trust found account statement does not establish his indigency. The statement indicates that, as of July 31, 2022, Ball's account had a balance of $3,205.33. To appeal IFP, a prisoner must "demonstrate that he does not have sufficient assets to pay the court's filing fee." *Id.* at 349. Ball's papers do not meet this burden.

        Even if Ball could establish indigency, this Court would not grant him leave to appeal IFP. A petitioner cannot appeal IFP if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *See Walker*

*v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).  In this case, the Court determined that Ball's petition raised only claims barred (1) because the Wisconsin state courts rejected them on an independent and adequate state procedural ground and (2) because they did not challenge a custodial aspect of his sentence.  (ECF No. 15.)  His current motion does not identify any reason to suppose this holding might be reversed on appeal.  *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013).  In the absence of any such argument, his appeal is frivolous and therefore "not taken in good faith."  The Court, therefore, denies the motion to appeal in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that Ball's motion for leave to appeal *in forma pauperis*, ECF No. 21, is **DENIED**.

Dated at Milwaukee, Wisconsin on January 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge